## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

THOMAS O'BRIEN,         )
                       )
     **Plaintiff,**       )
                       )
  **v.**                )    **Case number 4:09cv1165 TCM**
                       )
**MICHAEL J. ASTRUE,**    )
**Commissioner of Social Security,**  )
                       )
     **Defendant.**     )

## ORDER

This 42 U.S.C. § 405(g) action for judicial review of the final decision of Michael J. Astrue, the Commissioner of Social Security ("Commissioner"), denying the application of Thomas O'Brien ("Plaintiff") for supplemental security income benefits under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. § 1381-1383b, is before the Court[1] on the unopposed motion of the Commissioner to remand this case to the Appeals Council pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff alleges in his complaint that he suffers from seven severe impairments, including at least three mental impairments, and that the adverse decision of the Commissioner is not based on substantial evidence on the record as a whole. (Comp. ¶ 5, 6.) After filing an answer and the administrative record and before Plaintiff filed a brief in support of his complaint, the Commissioner filed the pending motion, explaining that on

---

[1] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

remand the Appeals Council will remand the case to the Administrative Law Judge with directions to (1) obtain testimony from a vocational expert about Plaintiff's ability to perform work and (2) include in the hypothetical question posed to that expert all of Plaintiff's "credible limitations as found in the residual functional capacity assessment." (Mot. at 2.) Plaintiff has stated that he has no objection to the Commissioner's motion.

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four [2] or six of 42 U.S.C. § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). A remand sought by the Commissioner after he files his answer and in the absence of any new and material evidence "meets the substantive requirements of sentence four." **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000). See also **Boyle v. Halter**, 165 F. Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's motion for remand filed after an answer was filed was appropriately made pursuant to sentence four). Thus, the Commissioner's unopposed motion shall be granted pursuant to sentence four.

Accordingly,

---

[2] Sentence four reads as follows: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

**IT IS HEREBY ORDERED** that the motion of Michael J. Astrue, Commissioner of Social Security, to reverse and remand is **GRANTED**.  [Doc. 8]

An appropriate Judgment shall accompany this Memorandum and Order.


/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of November, 2009.